Khan v. Gonzales

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted: June 29, 2007)                          Decided: July 10, 2007)

Docket No. 06-2995-ag

TAHIR ALI KHAN,

     *Petitioner*,

     v.

U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL ALBERTO R. GONZALES,

     *Respondents.*

Before: CABRANES and RAGGI, *Circuit Judges*, and BERMAN,[1] *District Judge*.

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider an earlier BIA order that dismissed as untimely an appeal from an Immigration Judge's *in absentia* order of removal. We conclude that, in this particular case, the Supreme Court's recent decision in *Bowles v. Russell*, – U.S. – , 127 S. Ct. 2360 (2007), does not require overruling our Court's decision in *Zhong Guang Sun v. U.S. Department of Justice*, 421 F.3d 105 (2d Cir. 2005), which held that extraordinary or unique circumstances may excuse the untimely filing of an appeal with the BIA. We also conclude that remand is warranted in the instant case because there are indications that the BIA did not consider whether petitioner had established such circumstances.

Petition for review granted.

---

[1] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

1

Khagendra Gharti Chhetry, Chhetry & Associates, P.C., New York, NY, *for Petitioner*.

E. Bryan Wilson, Assistant United States Attorney (Gregory R. Miller, United States Attorney, *on the brief*), United States Attorney's Office for the Northern District of Florida, Tallahassee, FL, *for Respondents*.

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner Tahir Ali Khan, a native and citizen of Pakistan, seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider an earlier BIA order that dismissed as untimely an appeal from an *in absentia* order of removal issued by Immigration Judge ("IJ") Michael W. Straus. *In re Khan*, No. A 47 270 257 (B.I.A. May 31, 2006). Petitioner argues that the BIA failed to consider whether he had presented extraordinary or unique circumstances excusing his untimely appeal, pursuant to our Court's decision in *Zhong Guang Sun v. U.S. Department of Justice*, 421 F.3d 105 (2d Cir. 2005). We ordered supplemental briefing on the relevance *vel non* of the Supreme Court's recent decision in *Bowles v. Russell*, – U.S. – , 127 S. Ct. 2360 (2007), which held that time limits for filing civil appeals with the United States Courts of Appeals are jurisdictional and do not allow for equitable exceptions. We conclude that, on the facts and procedural history of the instant case, (1) *Bowles* does not require overruling *Zhong Guang Sun*, and (2) the BIA did not properly consider whether petitioner presented circumstances excusing his untimely filing of an appeal. We therefore grant the petition for review, vacate the BIA's order denying reconsideration, and remand the case to the BIA for proceedings consistent with this opinion.

## BACKGROUND

Petitioner is a native and citizen of Pakistan who received lawful permanent resident status in 1999 through an application filed by his United States citizen father. Upon petitioner's return to the United States from a trip to Pakistan in February 2004, immigration authorities discovered that petitioner had a 1991 conviction in the State of Georgia for the possession and sale of marijuana.

Petitioner subsequently received an April 5, 2004 Notice to Appear in removal proceedings. The Notice to Appear charged that petitioner was subject to removal because (1) he had been convicted of a controlled substance offense, (2) he had sought to procure a visa, other documentation, admission to the United States, or some other immigration benefit through fraud or the willful misrepresentation of a material fact, and (3) at the time of his application for admission, he lacked valid entry documents. On November 25, 2005, after a change of venue and several continuances, IJ Straus ordered petitioner removed *in absentia* and denied petitioner's applications for cancellation of removal, waiver of removal, and adjustment of status.

The BIA received a Notice of Appeal in petitioner's case on December 28, 2005. However, pursuant to 8 C.F.R. § 1003.38,[2] petitioner's Notice of Appeal was due on or before December 27, 2005. In a February 10, 2006 order, the BIA dismissed the appeal "for lack of jurisdiction" due to untimeliness and instructed petitioner that "a motion to reconsider challenging the finding that the appeal was untimely" must be filed with the BIA rather than the IJ.

Petitioner then filed a timely motion for reconsideration with the BIA. In this motion, petitioner's counsel alleged that a member of his staff dropped off the appeal package at an office of the Federal Express company ("FedEx") on December 23, 2005. Although petitioner's counsel believed that the package would be delivered on the next business day—December 27, 2005[3]—the package was not shipped until December 27, 2005 and was therefore not delivered until December 28, 2005. Thus, according to petitioner's counsel, the untimely filing was due to a mistake by FedEx and beyond his control.

---

[2] A Notice of Appeal to the BIA of an IJ's decision "shall be filed directly with the [BIA] within 30 calendar days after the stating of an [IJ's] oral decision or the mailing of an [IJ's] written decision." 8 C.F.R. § 1003.38(b). "If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day." *Id.* The date the BIA *receives* the Notice of Appeal is the date of filing. *Id.* § 1003.38(c).

[3] Because Christmas fell on Sunday that year, the day after Christmas—Monday, December 26, 2005—was a legal holiday.

3

In a May 31, 2006 order, the BIA denied petitioner's motion to reconsider. The BIA first noted that petitioner's motion for reconsideration of the dismissal for "lack of jurisdiction" was timely. The BIA then stated that petitioner's motion included the following explanation from FedEx: "Pkg was rec on Dec 23rd to go out next bus day, next bus day was Dec 27th due to long weekend due to holiday." Based on this explanation, the BIA concluded that "there was no error on the part of FedEx with respect to mail delivery." *In re Khan*, No. A 47 270 257 (B.I.A. May 31, 2006).

Petitioner sought timely review of the BIA's May 31, 2006 order in our Court. Petitioner argues that the BIA failed to consider whether he presented "extraordinary or unique circumstances such that [his] appeal should have been heard, despite the untimeliness of the filing." *Zhong Guang Sun*, 421 F.3d at 111 (internal quotation marks omitted). After the parties submitted briefing in the instant case, the Supreme Court decided *Bowles v. Russell*, which held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and that courts have no "authority to create equitable exceptions" to such requirements. *See* 127 S. Ct. at 2366. We ordered supplemental briefing on whether *Bowles* is relevant to the time limits applicable to appeals filed with the BIA. The Government argues that *Bowles* is on point and requires us to overrule *Zhong Guang Sun*.

## DISCUSSION

I. Whether the Supreme Court's Opinion in *Bowles* Requires Overruling *Zhong Guang Sun*

We first consider whether *Bowles* requires us to re-evaluate our Court's holding in *Zhong Guang Sun*, which permits the BIA to hear untimely appeals in "extraordinary or unique circumstances." *See Meacham v. Knolls Atomic Power Lab.*, 461 F.3d 134, 141 (2d Cir. 2006) ("While 'as a general rule, one panel of this Court cannot overrule a prior decision of another panel[,] an exception to this general rule arises where there has been an intervening Supreme Court decision that casts doubt on our controlling precedent.'" (alteration in original) (quoting *Union of Needletrades, Indus. & Textile Employees v. INS*, 336 F.3d 200, 210 (2d Cir. 2003))). In *Bowles*, the Supreme Court repeatedly emphasized the *statutory* origin

4

of the time limits for appealing a district court's judgment in a civil case. *See, e.g.*, 127 S. Ct. at 2362 ("In this case, a District Court purported to extend a party's time for filing an appeal beyond the period allowed by statute."); *id.* at 2364 ("Although several of our recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, none of them calls into question our longstanding treatment of statutory time limits for taking an appeal as jurisdictional."); *id.* at 2365 ("Jurisdictional treatment of statutory time limits makes good sense."). The Court distinguished "court-promulgated rules" from "limits enacted by Congress," and it explained that "[b]ecause Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Id.* at 2365. Thus, "when Congress forbids federal courts from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed from final judgment," the effects are the same as when a federal court lacks subject matter jurisdiction over a class of cases. *Id.* at 2366.

Because *Bowles* was concerned exclusively with congressional limitations on judicial authority, we must consider what, if any, statutes impose the time limits at issue in the instant case. As an initial matter, we note that the time limits here are for administrative appeals (not judicial appeals as in *Bowles*) and that administrative agencies have broad discretion to interpret the statutes they are charged with implementing. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984). Yet even if the jurisdictional principles articulated in *Bowles* apply to statutory time limits placed on administrative appeals—a question on which we intimate no view—we find no such relevant statutes in petitioner's case.

Neither the BIA's May 31, 2006 order denying petitioner's motion for reconsideration at issue here, nor the BIA's earlier order dismissing petitioner's appeal, relied on any statutory provisions governing time limits for appeals to the BIA. Rather, when discussing the relevant time limits, the BIA cited only the regulations at 8 C.F.R. § 1003.38. *See* note 2 *ante* (quoting relevant portions of 8 C.F.R. §

5

1003.38). Moreover, our Court in *Zhong Guang Sun* made no mention of any statutes undergirding those regulations. *See Zhong Guang Sun*, 421 F.3d at 107-08 & n.4. The Government's principal brief to our Court likewise did not indicate that there exists a statutory basis for the BIA's dismissal of petitioner's appeal.

Surprisingly, in its supplemental brief to our Court, the Government argues that the time limits for appeals to the BIA are statutory. As support for this proposition, the Government draws to our attention the statutory scheme governing asylum applications, which instructs the Attorney General "to establish a procedure for the consideration of asylum applications," 8 U.S.C. § 1158(d)(1), and mandates this procedure to provide that "any administrative appeal shall be filed within 30 days of a decision granting or denying asylum, or within 30 days of the completion of removal proceedings before an immigration judge . . . , whichever is later," *id.* § 1158(d)(5)(a)(iv). Yet the instant case does not involve an asylum application; and although the petitioner in *Zhong Guang Sun* did appeal to the BIA from a denial of his application for asylum under 8 U.S.C. § 1158, the petitioner in that case also appealed from denials of his application for withholding of removal under 8 U.S.C. § 1231(b)(3)—which does not specify a time limit for filing an appeal—and for relief under the Convention Against Torture under 8 C.F.R. §§ 1208.16(c) and 1208.17(a). Thus, *Zhong Guang Sun*'s interpretation of the regulations governing general administrative appeals to the BIA (such as appeals of decisions on applications for withholding of removal and CAT relief) would survive, even if 8 U.S.C. § 1158(d)(5)(a)(iv) could be read to place a jurisdictional bar on untimely appeals to the BIA from decisions made on asylum applications.[4]

Accordingly, we do not see how *Bowles* could "cast[ ] doubt on our controlling precedent" in this petitioner's case. *Meacham*, 461 F.3d at 141. *Zhong Guang Sun* remains good law (at least with

---

[4] Since this is not a case in which a petitioner pursues a claim of asylum, we need not address whether *Bowles* would indeed prohibit equitable exceptions to the timely appeal of decisions made on asylum applications.

respect to non-asylum claims), and upon timely filing of his motion for reconsideration, petitioner was not jurisdictionally barred from establishing extraordinary or unique circumstances that would excuse his untimely appeal.

II.  Whether the BIA Considered the Standard for Exceptions to Timeliness Under *Zhong Guang Sun*

Having determined that *Bowles* does not upset our Court's precedent in the instant case, we now turn to whether the BIA erred (or "abused its discretion") in denying petitioner's motion for reconsideration.  *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) ("The BIA's denial of a motion to reconsider is reviewed for abuse of discretion.").  The BIA "abuses its discretion" in dismissing an appeal as untimely when it does not consider whether the reasons given for an untimely appeal constitute extraordinary or unique circumstances.  *See Zhong Guang Sun*, 421 F.3d at 111.  We do not lightly infer such omissions on the part of administrative adjudicators or, for that matter, district courts.  *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (noting that an IJ is presumed to have considered all of the evidence before him unless the record compels otherwise); *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors [under 18 U.S.C. § 3553(a)].").  We think, however, that remand is warranted in this particular case, given sufficient indicia that the BIA did not consider the limited equitable exceptions to the timely filing of appeals discussed in *Zhong Guang Sun*.

In its May 31, 2006 order, the BIA neither mentioned the standard for equitable exceptions articulated in *Zhong Guang Sun*, nor cited any case law applying that standard.  Additionally, the BIA referred to its February 10, 2006 order as "dismissing [petitioner's] appeal for lack of jurisdiction as it was untimely filed."  Such jurisdictional language suggests that the BIA assumed there were no equitable exceptions to the time limits for appeals provided by regulation.  Finally, although the BIA concluded that FedEx had not erred with respect to delivery of petitioner's appeal package, *Zhong*

*Guang Sun* does not state that extraordinary or unique circumstances exist only when overnight carriers commit errors. If the BIA concludes that petitioner's justification for untimely filing does not present extraordinary or unique circumstances, it must provide a "reasoned explanation" for why this is so. *See Zhong Guang Sun*, 421 F.3d at 111. This explanation need not be elaborate or extensive, but it should at least acknowledge the availability of relief in appropriate circumstances. The combination of the above factors convinces us that we should permit the BIA to consider whether petitioner's motion for reconsideration—which describes petitioner's counsel as dropping off petitioner's appeal package at FedEx with the understanding that it would be delivered on time—establishes extraordinary or unique circumstances allowing the appeal to be heard under *Zhong Guang Sun*.[5]

For the reasons stated above, the petition for review is **GRANTED**, the BIA's May 31, 2006 order is **VACATED**, and the case is **REMANDED** to the BIA for proceedings consistent with this opinion. In view of our disposition, petitioner's motion for a stay of deportation is **DENIED** as moot.

---

[5] We take no view of how the BIA should ultimately resolve this question.

8