**Luis Antonio VILLAREAL–JARAMILLO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Secretary of Department of Homeland Security, Director of U.S. Immigration Customs Enforcement, Respondents.**

No. 06–1476–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Jose L. Delcastillo, DelCastillo & Associates, Hartford, CT, for Petitioner.

Elliot M. Schachner, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Scott Dunn, Assistant United States Attorney, on the brief), Brooklyn, N.Y., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Luis Antonio Villareal–Jaramillo, a native and citizen of Ecuador, seeks review of a March 7, 2006 order of the BIA denying his motion to reopen his removal proceedings. *In Re Villareal–Jaramillo*, No. A74 912 375 (B.I.A. Mar. 7, 2006). The BIA denied the motion as untimely. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

Petitioner does not deny that on its face his motion to reopen was not timely. But we have held that the limitation period for motions to reopen before the BIA is subject to equitable tolling. *Iavorski v. United States I.N.S.*, 232 F.3d 124, 127 (2d Cir.2000). And we recently indicated that this holding is unaffected by the Supreme Court's decision in *Bowles v. Russell*, —— U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). *Cf. Tahir Ali Khan v. U.S. Dep't of Justice*, No. 06–2995–ag, 494 F.3d 255,

at 257–259, 2007 WL 1976151, at *2–4 (2d Cir. July 10, 2007). Accordingly, a claim of equitable tolling might properly be made to us.[1]

Though Petitioner does mention the issue of equitable tolling in his Statement of Issues, his brief provides no further support for his contention that the BIA erred in denying his motion to reopen as untimely on this basis. Where, as here, a party fails adequately to present arguments in his appellate brief, we consider those arguments abandoned. *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 172 (2d Cir.2004). Further, because Petitioner's arguments appear to lack merit, there is no reason for us to exercise our discretion to consider equitable tolling despite its abandonment. *See Frank v. United States,* 78 F.3d 815, 833 (2d Cir.1996), *vacated on other grounds,* 521 U.S. 1114, 117 S.Ct. 2501, 138 L.Ed.2d 1007 (1997).

The petition for review is **DENIED** and any pending motion for a stay of removal is **DISMISSED AS MOOT.**

---

1. We note that Petitioner's underlying claim is one of extreme hardship, which the BIA denied. The petitioner's challenge is to the BIA's determination that his daughters were not qualifying relatives under 8 U.S.C. § 1182(i). This raises a question of law, which we have jurisdiction to review. 8 U.S.C. § 1252(a)(2)(D). *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 330–32 (2d Cir.2006).