**Adem JAHJAGA, Petitioner,**

**v.**

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

**Nos. 07–0174–ag (L), 07–0175–ag (con).**

United States Court of Appeals, Second Circuit.

Oct. 18, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Joshua E. Bardavid, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Ashley B. Han, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Adem Jahjaga, a citizen of Serbia, seeks review of a December 22, 2006 order of the BIA affirming the April 19, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his motion to reopen. *In re Adem Jahjaga,* No. A73 161 121 (B.I.A. Dec. 22, 2006), *aff'g* No. A73 161 121 (Immig. Ct. N.Y. City Apr. 19, 2004). Jahjaga also seeks review of the December 22, 2006 order of the BIA affirming the October 4, 2006 decision of IJ Sandy K. Hom, which denied his motion to reissue. *In re Adem Jahjaga,* No. A73 161 121 (B.I.A. Dec. 22, 2006), *aff'g* No. A73 161 121 (Immig. Ct. N.Y. City Oct. 4, 2006).

We review the agency's denial of motions to reopen and reissue for abuse of discretion, and the agency's findings of fact under the substantial evidence standard. *See Ping Chen v. U.S. Att'y Gen.,* 502 F.3d 73, 74–75 (2d Cir.2007). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Under the substantial evidence standard, we treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

In support of his appeals, Jahjaga claims that he never received notice of the IJ's 2004 decision; accordingly, he argues that

the BIA erred in refusing to find that extraordinary circumstances excused his untimely appeal of that decision, and that the IJ erred in denying his motion to reissue that decision. We have recognized "that even in the context of regular mail, a presumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures." *See Lopes v. Gonzales,* 468 F.3d 81, 85 (2d Cir.2006). Here, the record supports the agency's finding that the IJ's 2004 decision was sent to the correct attorney at the proper address. Therefore, as Jahjaga failed to present any evidence to rebut the presumption of receipt, the agency's finding that Jahjaga received the 2004 decision was supported by substantial evidence. *Id.*; 8 U.S.C. § 1252(b)(4)(B).

As substantial evidence supports the BIA's finding that the IJ's 2004 decision was properly sent to Jahjaga's attorney of record, the BIA did not abuse its discretion in finding Jahjaga's November 2006 appeal of the 2004 decision untimely.[2] *See* 8 C.F.R. § 1003.38(b). For the same reasons, the agency did not abuse its discretion by declining to reissue that decision. *See Lopes,* 468 F.3d at 85.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**TWIN FEN YANG, Petitioner,**

**v.**

---

**2.** We note that, in accordance with the law of this Circuit, the agency provided a reasoned explanation for finding that extraordinary or unique circumstances did not excuse Jahjaga's untimely appeal. *See Khan v. U.S. Dep't of Justice,* 494 F.3d 255, 259 (2d Cir.2007). Moreover, the BIA properly relied, in part, on Jahjaga's lack of diligence in inquiring as to the status of his motion during the more than two years that elapsed between the IJ's decision and his filing of a Notice of Appeal. *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir. 2000).