**JIA MANGE YU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

**No. 07–0266–ag.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

Lee Ratner, Law Office of Michael Brown, New York, NY, for Petitioner.

Stephen M. Elliott, Trial Attorney, (Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

## SUMMARY ORDER

Petitioner Jia Mange Yu, a citizen and native of China, appeals from a decision of the BIA summarily affirming the decision of the Immigration Judge ("IJ") denying his applications for asylum, withholding of removal and relief under the Convention Against Torture. *In re Jia Mange Yu,* No. A 79 793 314 (B.IA. Dec. 29, 2006), *aff'g* No. A 79 793 314 (Immig. Ct. N.Y. City June 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms IJ's decision, we review the IJ's decision. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings where there are sufficient indicia that the agency's reasoning or its fact-finding process was flawed. *Khan v. U.S. Dep't. of Justice,* 494 F.3d 255, 259 (2d Cir.2007).

Yu's appeal raises two principal challenges to the IJ's determination that Yu was not credible: (1) the IJ improperly based this conclusion on her own asserted and concededly outside-the-record knowledge; and (2) the IJ improperly based her adverse credibility determination on Yu's lack of doctrinal knowledge about Falun Gong. We conclude that the IJ erred in relying on knowledge outside of the record. *See Guo–Le Huang v. Gonzales,* 453 F.3d 142, 146–47 (2d Cir.2006) (holding that implausibility findings were impermissibly speculative where the record did not support IJ's "inexpert medical opinion that

sterilization could have been promptly performed after the abortion"). Because we conclude that the IJ erred in relying on outside-the-record evidence, we cannot say that the IJ's adverse credibility determination was based on substantial evidence. *Xiao Ji Chen. v. U.S. Dep't of Justice,* 471 F.3d 315, 336 (2d Cir.2006). We also question whether, on the record in this case, the IJ's conclusion that Yu lacked credibility on the basis of his lack of doctrinal knowledge of Falun Gong conflicts with our decision in *Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006). Without intimating a view on this issue, we direct the BIA on remand to consider the matter in light of *Rizal* and other arguably applicable law. *See e.g., Jin Chen v. U.S. Dep't. of Justice,* 426 F.3d 104, 115 (2d Cir.2005) (affirming IJ's adverse credibility determination where petitioner's testimony about his Falun Gong practice was "general" and "lacking in details").

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** to the BIA for further consideration consistent with this order.