**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HAPPY ANAKOTTA,

   Petitioner,

v.

MICHAEL B. MUKASEY,
Attorney General,*

   Respondent.

No. 07-9552
(Petition for Review)

**ORDER AND JUDGMENT**\*\*

Before **McCONNELL**, **ANDERSON**, and **BRORBY**, Circuit Judges.

   On November 2, 2005, an immigration judge denied petitioner Happy

Anakotta's requests for asylum, restriction on removal, and protection under the

---

\*  On November 9, 2007, Michael B. Mukasey became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Mukasey is substituted for Alberto R. Gonzales as the
respondent in this action.

\*\*  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Convention Against Torture. Under 8 C.F.R. § 1003.38, petitioner had thirty days, or until December 2, 2005, in which to file an appeal to the Board of Immigration Appeals (BIA or Board). On December 1, 2005, one day before it was due, petitioner's counsel sent a notice of appeal to the BIA via FedEx's "priority overnight" service. The notice of appeal did not arrive at the BIA until December 5, 2007.[1]

After the BIA dismissed the appeal as untimely, petitioner filed a motion to "reopen/reconsider." Admin. R. at 8. Because petitioner failed to identify any error of fact or law, the Board denied the motion, and this petition for review followed. We deny the petition.

> A motion to reopen seeks to present evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). A motion to reconsider, on the other hand, is available to raise errors of fact or law committed by the BIA in its prior decision, and must be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1).

*Mahamat v. Gonzales*, 430 F.3d 1281, 1283 n.3 (10th Cir. 2005). Because petitioner did not present previously unavailable material evidence in support of his motion, the BIA properly treated it as a motion to reconsider.

We review the BIA's denial of petitioner's motion to reconsider for an abuse of discretion. *Belay-Gebru v. INS*, 327 F.3d 998, 1000 n. 5 (10th Cir.

---

[1] "[T]he Board does not observe the 'mailbox' rule." *In re Liadov*, 23 I. & N. Dec. 990, 991 (2006).

2003); *cf. Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (same with regard to motion to reopen); 8 C.F.R. § 1003.2(a) (providing that "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board"). "We will reverse only if the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mahamat,* 430 F.3d at 1283 (quotation omitted) (reviewing motion to reopen).[2]

As mentioned above, petitioner had thirty days from November 2, 2005, in which to file his notice of appeal. "The BIA's deadline is . . . subject to exceptions in 'rare circumstances,' even when the notice of appeal does not actually arrive before the deadline." *Oh v. Gonzales*, 406 F.3d 611, 613 (9th Cir. 2005); *see also* BIA Practice Manual, Ch. 3.1(b)(iv), at 34 (rev. Nov. 6, 2007), *available at* http://www.usdoj.gov/eoir/vll/qapracmanual/apptmtn4.htm. (noting that delays in delivery do not affect filing deadlines "except in rare circumstances"); *see also id.,* Ch. 3.1(a)(iv) at 32 (rev. July 30, 2004) ("[F]ailure of a courier or overnight delivery service does not excuse parties from meeting filing deadlines.").

On appeal, petitioner argues that the BIA abused its discretion when it denied his motion to reopen/reconsider as untimely without considering the

---

2    Because petitioner did not appeal the BIA's final order of removal to this court within the thirty days provided, *see* 8 U.S.C. § 1252(b)(1), we review only the BIA's denial of his motion to reconsider.

unique and extraordinary circumstances surrounding the failure of FedEx to comply with its guaranteed-delivery promise. We disagree with petitioner's characterization of the BIA's action. It is clear from its recitation of the pertinent facts in its order denying the motion for reconsideration that the BIA considered the circumstances surrounding the untimeliness of petitioner's notice of appeal. After that consideration, however, the BIA, citing *In re Liadov*, 21 I. & N. Dec. 990 (2006), concluded that "short delays in delivery are to be expected and do not warrant consideration of an untimely appeal." Admin. R. at 2. The BIA did not abuse its discretion in so concluding.

Petitioner cites cases in which circuit courts have remanded to the BIA to consider, in the first instance, whether the petitioners had established the unique or extraordinary circumstances sufficient to justify the discretionary exercise of jurisdiction over late appeals where it was clear that the BIA had completely failed to exercise its discretion. *Khan v. U.S. Dep't of Justice*, 494 F.3d 255, 259-60 (2d Cir. 2007); *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 111 (2d Cir. 2005); *Oh,* 406 F.3d at 613. Those cases are inapposite because, here, the BIA clearly understood the scope of its discretion and exercised it. The BIA "acknowledge[d] the availability of relief in appropriate circumstances," *Khan*, 494 F.3d at 260, and further provided a rational explanation, supported by

-4-

established policies, for denying the motion for reconsideration, *see Mahamat*,

430 F.3d at 1283.[3]

The petition for review is DENIED.

Entered for the Court

Michael W. McConnell
Circuit Judge

---

[3] To the extent petitioner is challenging the BIA's refusal to deal with his untimely appeal by accepting the case on certification under 8 C.R.F. § 1003.1(c), we lack jurisdiction over that issue because there are no standards in 8 C.F.R. § 1003.1(c) by which we could judge the exercise, or non-exercise, of the agency's discretion. *Mahamat*, 430 F.3d at 1284.