Lolita SHIVMANGAL, Petitioner,

v.

Michael B. MUKASEY, Attorney
General,* Respondent.

No. 07–2173–ag.

United States Court of Appeals,
Second Circuit.

Sept. 22, 2008.

Frederick P. Korkosz, Law Offices of
Alice K. Berke, Albany, NY, for Petitioner.

Sarah Maloney (Gregory G. Katsas and
Linda S. Wernery, of counsel) Office of
Immigration Litigation, U.S. Department
of Justice, Civil Division, Washington, DC,
for Respondent.

Present: Hon. WALKER, Hon.
ROBERT A. KATZMANN and Hon.
JOHN R. GIBSON,** Circuit Judges.

## SUMMARY ORDER

Lolita Shivmangal, a citizen of Guyana,
petitions for review of an April 23, 2007
BIA decision explaining that petitioner had
not properly filed her appeal because the
check that she submitted could not be
cashed and therefore declaring final the
October 19, 2006 decision of immigration
judge Philip J. Montante, Jr. denying peti-
tioner's motion to reopen her removal or-

der. *In re Lolita Shivmangal,* No. A39
060 935 (B.I.A. Apr. 23, 2007). We assume
the parties' familiarity with the underlying
facts and procedural history of the case.

We review the BIA's denial of a motion
to reopen for abuse of discretion. *See
Twum v. INS,* 411 F.3d 54, 58 (2d Cir.
2005). An abuse of discretion may be
found where the BIA's decision "provides
no rational explanation, inexplicably de-
parts from established policies, is devoid of
any reasoning, or contains only summary
or conclusory statements; that is to say,
where the Board has acted in an arbitrary
or capricious manner." *Ke Zhen Zhao v.
United States Dep't of Justice,* 265 F.3d
83, 93 (2d Cir.2001) (internal citations
omitted).

In declaring the decision of the immigra-
tion judge final, the BIA explained that
"payment could not be collected on the
check that [petitioner] submitted in pay-
ment of the fee requirement.... The re-
spondent has failed to satisfy the fee re-
quirements for filing an appeal." (internal
citations omitted). This ruling is consis-
tent with the regulations governing ap-
peals to the BIA. 8 C.F.R. § 1003.8 pro-
vides that a filing fee or a fee waiver
request is required in connection with a
motion to reopen before the BIA. And the
regulations specify that appeals to the BIA
"must be accompanied by a check, money
order, or fee waiver request in satisfaction
of the fee requirements." 8 C.F.R.
§ 1003.3(a)(3). The regulations further
provide that the fee shall be paid by check,
money order, or electronic payment, and
"[a] payment that is uncollectible does not
satisfy a fee requirement." 8 C.F.R.
§ 1003.8(a)(4)(i). "An appeal is not prop-

---

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Attorney General Michael B.
Mukasey is automatically substituted for for-
mer Attorney General Alberto R. Gonzales.

** The Honorable John R. Gibson of the United
States Court of Appeals for the Eighth Circuit,
sitting by designation.

erly filed unless it is received at the Board, along with all required documents, fees or fee waiver requests, and proof of service, within the time specified" by the regulations. 8 C.F.R. § 1003.3(a)(1). In addition, the regulations state that if the fee is not paid within the requisite time period, "the appeal will not be deemed properly filed and the decision of the Immigration Judge shall be final to the same extent as though no appeal had been taken." 8 C.F.R. § 1003.38(d). These regulations are unambiguous and controlling on the BIA.

Petitioner argues that the BIA erred in failing to consider whether there were "extraordinary or unique circumstances such that the petitioner's appeal should have been heard, despite the untimeliness of the filing." *Zhong Guang Sun v. United States Dep't of Justice*, 421 F.3d 105, 111 (2d Cir.2005) (internal quotation marks omitted). We have explained that the "BIA 'abuses its discretion' in dismissing an appeal as untimely when it does not consider whether the reasons given for an untimely appeal constitute extraordinary or unique circumstances." *Khan v. United States Dep't of Justice*, 494 F.3d 255, 259 (2d Cir.2007). We further noted, however, that "[w]e do not lightly infer such omissions on the part of administrative adjudicators." *Id.* Because this case does not present "sufficient indicia that the BIA did not consider the limited equitable exceptions to the timely filing of appeals discussed in *Zhong Guang Sun*," *id.*, remand is not warranted.

Finally, petitioner argues that the BIA erred in failing to exercise its jurisdiction to reopen her case *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). "[A] decision of the BIA whether to reopen a case *sua sponte*

under 8 C.F.R. § 1003.2(a) is entirely discretionary and therefore beyond our review...." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006) (per curiam). Accordingly, we lack jurisdiction to consider this claim.

For the foregoing reasons, the petition for review is **DENIED**. Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.