SUMMARY ORDER

Zia Ul Qamar, a native and citizen of Pakistan, seeks review of a June 10, 2008 order of the BIA dismissing as untimely his appeal from a decision of Immigration Judge (“IJ”) Joanna M. Bukszpan. In re Zia Ul Qamar, No. A95 368 547 (B.I.A. May 21, 2008). When the BIA issues its own independent decision, this Court reviews the BIA’s decision alone. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159 (2d Cir.2005). We review factual findings of the BIA for substantial evidence and its application of legal principles to undisputed facts de novo. See Yi Long Yang v. Gonzales, 478 F.3d 133, 141 (2d Cir.2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
The BIA, in rejecting Qamar’s ineffective assistance claim as a ground for establishing “extraordinary or unique circumstances” to excuse his untimely appeal, Khan v. United States Dep’t of Justice, 494 F.3d 255, 259 (2d Cir.2007), noted that Qamar “has not submitted any kind of receipt” indicating that he paid his prior counsel, Ronald Salomon, to file an appeal and that he “has not personally rebutted his prior counsel’s allegation that he informed [his] sister that he was unwilling to file an appeal,” In re Zia Ul Qamar, No. A95 368 547, at 2. The basis for the agency’s conclusion, however, is not supported by the record. Qamar explained in a declaration to the BIA that he “did not receive a receipt” from Salomon, but that “this was not unusual, because our family always paid cash for his services, and did not receive receipts.” Moreover, Qamar’s sister submitted a letter maintaining that Salomon’s assertion regarding what Qamar told her was “not true.”
In addition, in concluding that Qamar did not demonstrate prejudice by his prior counsel’s failure to appeal the IJ’s decision, the BIA did not address Qamar’s claim that he had informed his counsel of his illness, which prevented him from appearing before the IJ, on the morning of his hearing. Nor did the BIA consider Qa-mar’s argument that Salomon should have appeared before the IJ, explained the reason for his absence, and attempted to adjourn the hearing or waive his presence pursuant to 8 C.F.R. § 1003.25 (The IJ “may, for good cause, ... waive the presence of the alien at a hearing when the alien is represented.”). Qamar raised unresolved issues of fact as to what and when Salomon knew about his illness and the reasons why Salomon himself failed to appear at the hearing.
These considerations are material to the questions whether the IJ would have excused Qamar’s presence for “good cause” under § 1003.25, whether Qamar was prejudiced by his counsel’s performance and, ultimately, whether he received ineffective assistance of counsel, thereby excusing the untimeliness of his appeal to the BIA. While we accord “substantial deference to the BIA’s findings of fact,” Alvarado-Carillo v. INS, 251 F.3d 44, 49 (2d Cir.2001), appellate review of its decisions requires that the agency adequately identify and consider relevant facts in the first instance, see Yi Long Yang v. Gonzales, 478 *124 F.3d at 142 (“our duty [is] to assess the BIA’s ruling to determine whether there was a failure to consider an important fact in the record”); Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (“[T]he BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner.” (internal quotation marks omitted)). Because we cannot “confidently predict” that the agency would reach the same conclusion after consideration of the above-identified, unresolved factual issues, we remand the case to the BIA. Yi Long Yang v. Gonzales, 478 F.3d at 144; see also Delgado v. Mukasey, 508 F.3d 702, 709 (2d Cir.2007) (“[F]ailure to consider material evidence in the record is ground for remand.”).
Accordingly, the petition for review is GRANTED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.