*Martinez Soriano v. Garland*

BIA
Thompson, IJ
A073 548 354

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-one.

PRESENT:
>        JOHN M. WALKER, JR.,
>        MICHAEL H. PARK,
>        WILLIAM J. NARDINI,
>            *Circuit Judges.*

_____

ALBERTO MARTINEZ SORIANO,

>            *Petitioner,*

>    v.                                    19-1841

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

>            *Respondent.*

_____

FOR PETITIONER:            Alberto Martinez Soriano, *pro se*, Newburgh, NY.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Elizabeth Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alberto Martinez Soriano, a native and citizen of Mexico, seeks review of a May 23, 2019 decision of the BIA, dismissing as untimely his appeal of an October 26, 2018 order of an Immigration Judge ("IJ") pretermitting his application for cancellation of removal and ordering him removed. *In re Alberto Martinez Soriano*, No. A073 548 354 (B.I.A. May 23, 2019), *aff'g* No. A073 548 354 (Immig. Ct. N.Y.C. Oct. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review only the BIA's decision dismissing as untimely Martinez Soriano's appeal of the IJ's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Khan v. U.S. Dep't of Justice*, 494 F.3d 255, 259 (2d Cir. 2007) (reviewing dismissal of appeal as untimely for abuse of discretion); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 288-90 (2d Cir. 2007) (reviewing factual findings for substantial evidence and questions of law *de novo*); *Nwozuzu v. Holder*, 726

2

F.3d 323, 326–27 (2d Cir. 2013) (reviewing agency statutory interpretation under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984)).

It is undisputed that Martinez Soriano's February 2019 appeal to the BIA was untimely because it was filed more than 30 days after the IJ's October 2018 order of removal. *See* 8 C.F.R. § 1003.38(b) ("The Notice of Appeal . . . shall be filed directly with the Board . . . within 30 calendar days after the . . . mailing of an Immigration Judge's written decision."); *see also Attipoe v. Barr*, 945 F.3d 76, 79 (2d Cir. 2019). "[W]hile under normal circumstances the BIA cannot hear late-filed appeals," *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 108 (2d Cir. 2005), it may equitably toll the filing period based on ineffective assistance of counsel, *see Attipoe*, 945 F.3d at 82–83. The BIA did not err in declining to excuse the untimely filing based on Martinez Soriano's ineffective assistance of counsel claim.

To prevail on an ineffective assistance claim, an alien must substantially comply with the procedures laid out in *Matter of Lozada*, 19 I&N Dec. 637 (B.I.A. 1988), which requires (1) an affidavit detailing what actions former counsel agreed to take, (2) proof that counsel was notified of the allegations and allowed

3

to respond, and (3) a statement regarding whether a complaint was filed with a disciplinary authority. *See id.* at 639; *see also Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46–47 (2d Cir. 2005). Martinez Soriano complied with the first requirement by submitting an affidavit laying out his agreement with counsel as to at least one basis for his claim (counsel's failure to oppose pretermission) and the third requirement by submitting complaints he filed, but he failed to comply with the second requirement by showing that he informed counsel of the allegations and provided an opportunity for response. The second requirement protects against "the potential for abuse . . . apparent where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations." *Lozada*, 19 I&N Dec. at 639. Although we do not require "slavish adherence to the requirements," we have excused them only where a "claim of ineffective assistance [was] clear on the face of the record," such as when counsel had been disbarred for similar claims of ineffectiveness or admitted fault. *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007).

Because Martinez Soriano failed to comply with the *Lozada* requirements, he forfeited his ineffective assistance of counsel

4

claim, *see Jian Yun Zheng*, 409 F.3d at 47, and the BIA did not err in declining to excuse the untimely filing of his appeal, *see Khan*, 494 F.3d at 259. Accordingly, we do not reach the BIA's alternative dispositive determination that Martinez Soriano failed to establish prejudice. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (requiring showing of prejudice to state ineffective assistance claim).

There is no merit to Martinez Soriano's argument that the BIA should have found his notice to appear defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because the notice did not include a hearing date or time. In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a notice to appear to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. at 2113-20, which cuts off an alien's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). Although Martinez Soriano applied for cancellation, his length of residence and the application of the stop-time rule were not at issue and he was denied relief on alternative grounds.

5

Accordingly, *Pereira* is not relevant to his case.  Any argument that his notice to appear did not vest jurisdiction in the Immigration Court because it omitted a hearing date and time is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019). *Id.* at 111–12.

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

6