Tariqul ISLAM, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 06–5054–ag.

United States Court of Appeals,
Second Circuit.

July 10, 2007.

Justin Conlon, Law Offices of Michael Boyle, North Haven, CT, for Petitioner.

George E.B. Holding, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, Jason Cowley, Assistant United States Attorneys, Raleigh, NC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Tariqul Islam, a native of Bangladesh, seeks review of an October 5, 2006 order of the BIA dismissing for lack of jurisdiction his appeal of the June 9, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tariqul Islam*, No. A96 427 480 (BIA Oct. 5, 2006), *aff'g* No. A96 427 480 (Immig. Ct. Hartford June 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

▮ Islam raises several challenges to the BIA's dismissal of his appeal for lack of jurisdiction. First, he challenges the BIA's determination that his appeal was untimely; because this issue involves the application of law to fact, it is reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). In particular, Islam challenges the BIA's determination that his Form EOIR–26 was *"not received by the BIA until July 14, 2006"* (emphasis added). He acknowledges that the BIA did not receive his original Form EOIR–26 and filing fee until July 14, 2006, but

claims that the BIA erred by ignoring its receipt of a copy of that form—albeit without the filing fee—on the date due for the appeal, July 10, 2006. He further claims that the lack of a filing fee was not fatal, because the relevant statute, 8 U.S.C. § 1158(d)(5)(A)(iv), requires only that an appeal be filed within 30 days of the IJ's decision, and does not mention a filing fee.

However, as the government correctly points out, the BIA did not state that Islam's appeal was "not received" until July 14, 2006; rather, the BIA stated that the appeal was not "properly filed" until that date. The regulatory provision governing the filing of appeals unambiguously provides that an appeal is not properly filed unless it is accompanied by the required fee:

A Notice of Appeal (Form EOIR–26) must be accompanied by the appropriate fee or by an Appeal Fee Waiver Request (Form EOIR–26A). If the fee is not paid ... within the [30–day filing] period ..., *the appeal will not be deemed properly filed* and the decision of the [IJ] shall be final to the same extent as though no appeal had been taken.

8 C.F.R. § 1003.38(d) (emphasis added). In addition, 8 C.F.R. § 1003.3(a)(1) provides that an appeal is "not properly filed unless it is received at the Board, along with all required documents, fees or fee waiver requests, and proof of service, within the time specified." These regulations are unambiguous and are controlling on the BIA.

▮ Islam further argues that even if his appeal was untimely, the BIA abused its discretion in refusing to accept it on certification, because it provided "only summary or conclusory statements" to explain its rejection of his explanation for the improper filing. Although we suggested in *Zhong Guang Sun v. United States Dep't of Justice*, 421 F.3d 105, 106–07 (2d Cir.

2005) that the BIA might abuse its discretion in failing to consider the possibility of entertaining an untimely appeal to any extent, the BIA in this case explicitly considered the possibility of certifying the appeal to itself pursuant to 8 C.F.R. § 1003.1(c). This provision authorizes the BIA to certify and review a case as a matter of discretion, and the lack of any guidelines on how such discretion should be exercised suggests such a determination is unreviewable. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (finding that the BIA's decisions regarding the exercise of its authority to consider untimely motions to reopen or reconsider *sua sponte* under 8 C.F.R. § 1003.2(a) are completely discretionary and therefore unreviewable); *see also Mahamat v. Gonzales,* 430 F.3d 1281, 1284 (10th Cir.2005).

■ Finally, we find that the procedure by which the BIA dismissed Islam's untimely appeal does not violate due process. As noted above, the BIA does have limited authority to certify and consider untimely appeals, as a matter of discretion, and it explicitly considered this possibility in Islam's case. Moreover, Islam retained the opportunity to seek further administrative review of his case through a motion to reopen or reconsider, and the BIA explicitly alerted him of these options in its order. As he has not established that the BIA denied him fair notice or an opportunity to be heard, his due process challenge fails. *See Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). It remains an open question in this Court whether the BIA would abuse its discretion by refusing to grant a motion to reopen or reconsider where a petitioner has failed to timely appeal because of counsel's error, which is evident on the face of the record. *Cf. Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 109–11 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.