ZHONG GUANG SUN, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, United States Department of Justice, Respondent.

Docket No. 07–0397–ag.

United States Court of Appeals, Second Circuit.

March 21, 2008.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division (James E. Grimes, Senior Litigation Counsel, Lindsay B. Glauner, Trial Attorney), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, Hon. MARK R. KRAVITZ,** District Judge.

### SUMMARY ORDER

Petitioner Zhong Guang Sun seeks review of an order of the BIA denying his motion for reconsideration of its dismissal

---

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

** The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

of his appeal as untimely, *In re Zhong Guang Sun,* No. A95 161 938 (BIA Jan. 5, 2007) (*"BIA Remand Opinion"*), on remand from *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105 (2d Cir.2005) (*"Zhong Guang Sun I"*). Sun originally filed applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), which were denied by Immigration Judge Victoria Ghartey. *In re Zhong Guang Sun,* No. A95 161 938 (Immig. Ct. N.Y. City Mar. 25, 2002). We assume the parties' and counsel's familiarity with the underlying facts and procedural history of the case.

In *Zhong Guang Sun I,* we concluded that the BIA had the authority to excuse the untimely filing of an appeal in "unique or extraordinary circumstances." *Zhong Guang Sun I,* 421 F.3d at 108. We remanded to the BIA to determine "whether Airborne Express's failure to deliver the petitioner's notice of appeal overnight, as promised, constituted 'extraordinary or unique circumstances' such that the petitioner's appeal should have been heard, despite the untimeliness of the filing." *Id.* at 111.

On remand, the BIA declined to consider whether it would excuse the late filing, concluding that it "d[id] not have the authority under either the Act or the regulations to extend the 30–day period for the filing of an appeal." *BIA Remand Opinion,* at 1. Instead, the BIA considered whether "the circumstances of th[e] case [were so] exceptional so as to warrant . . . taking the appeal on certification." *Id.;* see 8 C.F.R. § 1003.1(c). The BIA decided that the circumstances were not exceptional, inasmuch as the petitioner sent the appeal only one day before the expiration of the appeal period, and the delivery service was only late by a few days.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Jin*

*Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). "An abuse of discretion may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal quotation marks and citation omitted).

 The BIA erred when it stated that it had no authority to extend the 30–day period to file an appeal of the denial of Sun's applications for withholding of removal and CAT relief. *See Ali Khan v. U.S. Dep't of Justice,* 494 F.3d 255, 259 (2d Cir.2007). The law as to whether the BIA had the authority to extend the time to file an appeal of Sun's application for asylum is not clear. *See id.* at 258, 259 n. 4; *Bowles v. Russell,* —— U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). If the BIA lacked jurisdiction to review Sun's untimely asylum appeal, then it could consider, as it did, whether to hear the appeal under its certification authority. We may well lack jurisdiction to review the BIA's discretionary decision not to hear his asylum appeal by certification, see *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006); *Mahamat v. Gonzales,* 430 F.3d 1281, 1284 (10th Cir.2005), but in order to decide this petition, we nonetheless assume, without deciding, that we have jurisdiction to review the BIA's decision with respect to all of Sun's claims. *See Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 817 n. 11 (2d Cir.2000).

 Despite the BIA's erroneous understanding as to whether it could extend the appeal period for the withholding of removal and CAT claims, and debatable view with respect to extension of the appeal period for the asylum claim, it in fact decided that the circumstances of Sun's

attempt at timely filing were not "exceptional" or "rare." It reasoned that petitioners should allow for extra time in anticipation of short delays by delivery services. It left open the possibility that a petitioner would present an exceptional circumstance in the case where he did allow for extra time and the delivery delay was more than just a few days. We cannot say that this decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements...." *Jin Ming Liu,* 439 F.3d at 111. Moreover, it is clear from its analysis that the BIA would reach the same result were we to remand for consideration of whether "unique or extraordinary circumstances" justified extending the time to appeal. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.