Gjinal and Evelina VEIZAJ, Petitioners,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

Nos. 07–1330–ag (L), 07–3824–ag (Con).

United States Court of Appeals, Second Circuit.

Sept. 2, 2008.

Ronald Cohen, Wilmington, NC, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wendtland, Assistant Director, Saul Greenstein, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioners, natives and citizens of Albania, seek review of an August 7, 2007 order of the BIA denying their motion to reconsider its March 9, 2007 decision denying as untimely their appeal of the Immigration Judge's decision. *In re Veizaj, Gjinal and Evelina,* Nos. A73 566 992/993 (B.I.A. Aug. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In its denial of Petitioners' untimely appeal, the BIA found that it lacked authority to extend the 30–day period to file an appeal of the IJ's denial of asylum, withholding of removal, and CAT relief. *See* 8 C.F.R. § 1003.38(b); *Matter of Liadov,* 23 I. & N. Dec. 990, 991–93 (BIA 2006) (finding that it lacked authority to extend the filing deadline in light of governing regulations, the statute, and the Supreme Court's admonition that filing deadlines be strictly applied). The BIA declined to certify Petitioners' appeal pursuant to 8 C.F.R. § 1003.1(c) due to the three year-delay in Petitioners' discovery of their former attorney's misconduct in failing to file their Notice of Appeal of the IJ's decision. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105 (2d Cir.2005)(finding that although the requirement that an alien file a notice of appeal to the BIA within 30 days of the IJ's decision is "mandatory and jurisdictional," the BIA may consider an untimely appeal in " 'unique or extraordinary circumstances' "). Because Petitioners do not challenge the BIA's finding that it lacked authority to extend the filing deadline, we decline to review that determination. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzalez as the respondent in this case.

and ordinarily will not be addressed on appeal).

Petitioners' motion to reconsider provided additional details regarding their claim that they exercised due diligence in pursuing their appeal. However, reviewing the BIA's denial of the motion to reconsider would require us to evaluate the BIA's underlying determination that Petitioners' lack of due diligence in pursuing their appeal mitigated against taking their appeal on certification, a determination that was "entirely discretionary." *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir.2006) (finding that the BIA's determination regarding exercise of its sua sponte authority to consider an untimely motion to reopen or reconsider was unreviewable because it is "entirely discretionary"); *see also Liadov v. Mukasey,* 518 F.3d 1003, 1011 (8th Cir.2008) (finding that the BIA's refusal to "self-certify" was an "unreviewable action committed to the agency's discretion"); *Mahamat v. Gonzales,* 430 F.3d 1281, 1284 (10th Cir.2005) (finding no jurisdiction to review the BIA's certification decision and noting the lack of any standards to judge the BIA's exercise of discretion). Because we cannot review such discretionary determinations, we cannot review the BIA's denial of Petitioners' motion to reconsider. *Cf. Azmond Ali,* 448 F.3d at 517–18.

For the foregoing reasons, the petitions for review are DISMISSED. Any pending motion for a stay of removal in these petitions are DISMISSED as moot.