Mark MAYNARD, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondents.

No. 05–5165–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2008.

---

822

Jonathan M. Jacobson and Kathryn A. Rubino, Wilson, Sonsini, Goodrich & Rosati, New York, NY, for Plaintiff–Appellant.

Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Defendants–Appellees.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Petitioner Mark Maynard, a native and citizen of Guyana, seeks review of the May 5, 2004 order of the BIA: (1) dismissing as late-filed his appeal from the March 1, 2004 removal order issued by Immigration Judge ("IJ") Joe D. Miller; and (2) declining to certify his untimely appeal pursuant to 8 C.F.R. § 1003.1(c). *In re Mark Anthony Maynard,* No. A36 429 796 (B.I.A. May 5, 2004) (per curiam), *aff'g* A36 429 796 (Immig. Ct. Napanoch, N.Y. March 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We generally lack jurisdiction to review any final order of removal against an alien removable by reason of having committed a criminal offense, unless the petitioner raises either a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(D); *see also Noble v. Keisler,* 505 F.3d 73, 77 (2d Cir.2007). Further, a petitioner may not "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Barco–San-*

doval v. Gonzales, 516 F.3d 35, 39 (2d Cir.2008) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330 (2d Cir.2006)).

With this standard in mind, we consider Maynard's claims. Maynard's argument that the BIA committed legal error by failing to provide adequate reasoning for its discretionary decision not to certify his appeal is not a question of law over which we may exercise jurisdiction. Conclusory statements that the BIA committed legal error, absent a showing that the BIA failed to address completely any discretionary exceptions to general timeliness rules, cannot change a disagreement with a discretionary decision into a question of law. *See Xiao Ji Chen,* 471 F.3d at 329 (finding a lack of jurisdiction where "the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law"); *see also Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 111 (2d Cir.2005) (finding legal error where the BIA failed to even mention any procedure by which it could excuse an untimely appeal). After establishing the uncontested fact that Maynard's petition for review was untimely filed, the BIA went on to expressly consider the possibility of certifying the appeal to itself pursuant to 8 C.F.R. § 1003.1(c). Under this provision, the BIA may certify "in its discretion" without regard to untimeliness. *Id.* Because the BIA expressly considered certification and Maynard's arguments in its favor, it cannot rightly be said to have committed legal error by failing to adequately consider his claims or explain its reasons for rejecting them. Thus, Maynard's quarrel is with the BIA's discretion-

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

ary decision, rather than the process by which it was reached. Accordingly, he raises no actual question of law such that we may exercise jurisdiction.

Finally, we find that the procedure by which the BIA dismissed Maynard's untimely appeal did not violate his due process rights. In order to establish a violation of due process, Maynard must show "that [he] was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived him of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir.2007) (internal quotations omitted). As discussed above, the BIA expressly addressed both Maynard's explanation for his untimeliness and its own discretionary option to entertain the appeal notwithstanding its untimeliness. *See Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir. 2006) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). Further, Maynard has failed to establish that the BIA denied him fair notice or an opportunity to be heard. Thus, Maynard's petition properly construed "merely quarrels over the ... justification for the [BIA's] discretionary choices ...," without raising a colorable constitutional claim. *Xiao Ji Chen*, 471 F.3d at 329.

Because Maynard's petition for review of the BIA's discretionary decision presents no constitutional claim or question of law, we lack jurisdiction to review it further. Accordingly, the petition for review is DISMISSED.