SUMMARY ORDER

Petitioner Gong Ping Chen, a native and citizen of the People’s Republic of China, seeks review of the August 6, 2008 order of the BIA denying his motion to accept his untimely appeal, and dismissing that appeal for lack of jurisdiction. In re Gong Ping Chen, No. A070 577 027 (BIA Aug. 6, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, the BIA properly construed Chen’s motion as one for certification to the Board pursuant to 8 C.F.R. § 1003.1(c). See Jie Chen v. Gonzales, 436 F.3d 76, 78-79 & n. 5 (2d Cir. 2006). We have not yet considered whether we retain jurisdiction to review the *665 BIA’s refusal to certify a case to itself pursuant to 8 C.F.R. § 1008.1(c). Cf. Liadov v. Mukasey, 518 F.3d 1003, 1011 (8th Cir.2008) (finding that “the BIA’s refusal to self-certify was an unreviewable action committed to the agency’s discretion”); Mahamat v. Gonzales, 430 F.3d 1281, 1284 (10th Cir.2005) (same). Nevertheless, we assume (without deciding) our jurisdiction here because “the jurisdictional issues are complex and the substance of the claim is. plainly without merit.” Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 338 n. 2 (2d Cir.2006).
We find no error in the BIA’s denial of Chen’s motion — which was based on his allegations that he received ineffective assistance from a former attorney, Baird Cuber — where he failed to comply with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). See Jian Yun Zheng v. U.S. Dep’t of Justice, 409 F.3d 43, 47 (2d Cir.2005) (providing that “an alien who has failed to comply substantially with the Lozada requirements in her motion ... before the BIA forfeits her ineffective assistance of counsel claim”). Leaving aside the question of whether Chen’s affidavit sufficiently set forth his agreement with Cuber, the BIA did not err in finding that he failed to comply with Lozada’s notice requirement. Chen does not deny that he failed to notify Cuber of the allegations against him and, therefore, did not allow him an opportunity to respond to them. We reject Chen’s argument that his case presents the sort of rare circumstances where we can be certain, based on the record, that the reasons for the Lozada requirements have been “substantially” served. See Yi Long Yang v. Gonzales, 478 F.3d 133, 143 (2d Cir. 2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).