14-619-ag
*Vela-Estrada v. Lynch*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2015

(Argued:  March 16, 2016          Decided:  March 21, 2016)

Docket No. 14-619-ag

HENRY VELA-ESTRADA, AKA Henry Vela,

*Petitioner,*

v.

LORETTA E. LYNCH, United States Attorney General,

*Respondent.*

ON PETITION FOR REVIEW FROM THE
BOARD OF IMMIGRATION APPEALS

Before:

STRAUB, CHIN, and CARNEY, *Circuit Judges*.

Petition for review of a decision of the Board of Immigration

Appeals dismissing as untimely Petitioner's appeal from his order of removal.

PETITION GRANTED IN PART AND DISMISSED IN PART.

KEVIN S. SANTOS, SR., Santos Law Group, pc, Allentown, Pennsylvania, *and* Jose C. Campos, Law Office of Jose C. Campos, Esq., Bethlehem, Pennsylvania, *for Petitioner*.

PATRICIA E. BRUCKNER, Trial Attorney, John W. Blakeley, Assistant Director, Office of Immigration Litigation, Joyce R. Branda, Acting Assistant Attorney General, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., *for Respondent*.

---

PER CURIAM:

Petitioner Henry Vela-Estrada seeks review of a January 31, 2014 decision of the Board of Immigration Appeals (the "BIA") declining to certify, pursuant to 8 C.F.R. § 1003.1(c), his untimely appeal of the May 14, 2013 order of removal of the Immigration Judge ("IJ"). For the reasons set forth below, we conclude that the decision not to certify an untimely appeal is committed to BIA discretion and, accordingly, is not subject to judicial review. Because the BIA did not address Vela-Estrada's motion to reopen his removal proceedings, we remand to the BIA for it to address the motion to reopen.

## BACKGROUND

Vela-Estrada, a native and citizen of Guatemala, was admitted to the United States in 1989 as a lawful permanent resident. In 2005, he was convicted in Pennsylvania of delivery of a controlled substance. In 2013, the Department of Homeland Security instituted removal proceedings, charging Vela-Estrada as removable based on the narcotics conviction. The IJ found him removable as charged, and ordered him removed to Guatemala. Vela-Estrada was removed to Guatemala on June 20, 2013.

Vela-Estrada did not timely file a notice of appeal, but instead filed a motion with the BIA requesting that it accept his late-filed appeal, referencing an attached exhibit, or alternatively that it certify the appeal pursuant to 8 C.F.R. § 1003.1(c), "due to the exceptional circumstances directly resulting from [Vela-Estrada's] ineffective assistance of counsel." R. at 23. The attached exhibit was a motion to reopen his removal proceedings. On January 31, 2014, the BIA found Vela-Estrada's appeal untimely and declined to accept the case on certification. The BIA did not address Vela-Estrada's motion to reopen in its January 31, 2014 decision. Vela-Estrada timely petitioned this Court for review.

*DISCUSSION*

Section 1003.1(c) of Title 8 of the Code of Federal Regulations grants the BIA authority to accept an untimely appeal by certification:

> [T]he [BIA] may in any case arising under paragraph (b) of this section [defining the BIA's appellate jurisdiction] certify such case to the [BIA]. The [BIA] in its discretion may review any such case by certification without regard to the [notice] provisions of § 1003.7 if it determines that the parties have already been given a fair opportunity to make representations before the [BIA] regarding the case . . . .

We have not previously addressed in a precedential decision whether we have jurisdiction to consider the BIA's decision not to certify an untimely appeal. In prior unpublished decisions, we have either concluded that we lack jurisdiction to consider the BIA's certification decision, *e.g.*, *Maynard v. BIA*, 293 F. App'x 821, 822-23 (2d Cir. 2008); *Veizaj v. Mukasey*, 291 F. App'x 405, 405-06 (2d Cir. 2008); *Islam v. Gonzales*, 238 F. App'x 676, 678 (2d Cir. 2007), or assumed hypothetical jurisdiction to review claims that were plainly without merit, *e.g.*, *Gong Ping Chen v. Holder*, 341 F. App'x 663, 664-65 (2d Cir. 2009); *Zhong Guang Sun v. Mukasey*, 270 F. App'x 83, 84 (2d Cir. 2008). In light of our recent decision holding that avoiding jurisdictional questions by assuming hypothetical jurisdiction is "prohibited in all but the narrowest of circumstances," *Ortiz-Franco*

*v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015), we consider the jurisdictional question here and conclude, for the reasons discussed below, that we lack jurisdiction to review the agency's discretionary certification decision.

Under the Administrative Procedure Act, judicial review is expressly foreclosed where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The BIA derives its discretionary authority to certify an untimely appeal from regulation, as opposed to statute. Accordingly, our jurisdictional authority hinges on the applicability of the second exception to judicial review: whether the action was committed to agency discretion by law.

An administrative action is "committed to agency discretion" where the governing law is "drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *accord Lunney v. United States*, 319 F.3d 550, 558-60 (2d Cir. 2003) (court lacked jurisdiction to consider plaintiff's claim where there was no statute or regulation that would limit agency discretion).

The plain language of the regulation here commits the certification decision to BIA discretion. 8 C.F.R. § 1003.1(c) ("The [BIA] *in its discretion may*

review any such case by certification . . . . " (emphasis added)).  Neither 8 C.F.R. § 1003.1(c) nor any other regulation or statute provides guidance on how this discretion should be exercised.  The BIA has merely stated that it will exercise this power only in "exceptional circumstances." *In re Liadov*, 23 I. & N. Dec. 990, 993 (B.I.A. 2006) (holding that "short delays by overnight delivery services" are not exceptional circumstances); *see also Zhong Guang Sun v. DOJ*, 421 F.3d 105, 108 (2d Cir. 2005) ("[W]hile under normal circumstances the BIA cannot hear late-filed appeals, it may hear such appeals in unique or extraordinary circumstances.").  The BIA, however, has not elaborated on what "exceptional circumstances" would merit certification.

In light of the lack of meaningful guidance on how the BIA's discretion should be applied, two circuits have held that the BIA's certification decision is not subject to judicial review.  *See Liadov v. Mukasey*, 518 F.3d 1003, 1010 (8th Cir. 2008) (certification decision committed to agency discretion by law due to "(1) the total absence of statutory standards, (2) the absence of meaningful guidance for applying the 'exceptional circumstances' standard in the regulation . . . and (3) the absence of a 'settled course of adjudication' that could establish a meaningful standard" (quoting *Tamenut v. Mukasey*, 521 F.3d 1000, 1004-05 (8th

- 6 -

Cir. 2008)); *Mahamat v. Gonzales*, 430 F.3d 1281, 1284 (10th Cir. 2005) (certification decision "beyond review" because of lack of "standards to judge the BIA's exercise of discretion"). We agree with their analyses and conclude that the decision not to certify an untimely appeal is committed to agency discretion by law.[1] This decision is consistent with our prior conclusion that we lack jurisdiction to review the BIA's decision not to reopen removal proceedings *sua sponte*, another action committed to BIA discretion by regulation. *See Ali v. Gonzales*, 448 F.3d 515, 517-18 (2d Cir. 2006); *see also* 8 C.F.R. § 1003.2(a).

Vela-Estrada contends that *Kucana v. Holder* requires us to review the BIA's certification decision because there the Supreme Court held that judicial review of agency determinations is not precluded under 8 U.S.C. § 1252(a)(2)(B)(ii) where the determination is made discretionary by regulation. 558 U.S. 233, 245-47 (2010). This argument is unavailing as the Supreme Court expressly declined to address the effect of § 701(a)(2) of the Administrative

---

[1]     We note, however, that review is not entirely foreclosed. Where, in denying certification, the BIA misperceives the law or misunderstands its own jurisdiction, it is appropriate to remand to allow the BIA to consider its authority. *See Zhong Guang Sun*, 421 F.3d at 111; *cf. Mahmood v. Holder*, 570 F.3d 466, 471 (2d Cir. 2009). But where, as is the case here, the BIA recognizes its authority to self-certify, but declines to do so based on a lack of exceptional circumstances, that decision is not subject to judicial review.

Procedure Act on the reviewability of BIA actions declared discretionary by regulation. 558 U.S. at 251 n.18 (noting that it "express[ed] no opinion on whether federal courts may review the [BIA's] decision not to reopen removal proceedings *sua sponte*," a decision made discretionary by regulation, and recognizing many appellate courts have held that "*sua sponte* reopening is committed to agency discretion by law" (citing 5 U.S.C. § 701(a)(2)); *see also Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015) (recognizing that Courts of Appeals have held they generally lack authority to review the BIA's discretionary *sua sponte* reopening decision).

After *Kucana*, we have reiterated that the BIA's decision not to reopen proceedings *sua sponte* is unreviewable. S*ee Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010). Similarly, *Kucana* does not affect our conclusion here that the certification decision under 8 C.F.R. § 1003.1(c) is committed to agency discretion and unreviewable. Accordingly, Vela-Estrada's petition for review of the certification decision is dismissed.

As for Vela-Estrada's motion to reopen, which was attached as an exhibit, it is unclear from the BIA's decision whether it considered that motion. Accordingly, we remand for the BIA to address the motion to reopen in the first

instance. *Cf. Zhao v. DOJ*, 265 F.3d 83, 97 (2d Cir. 2001) (explaining that "[f]ailure to explain a decision adequately provides a ground for reversal," and that "when faced with a motion to reopen, the Board has an obligation to consider the record as a whole"). In doing so, it should consider whether the motion was appropriately filed with the BIA, or whether Vela-Estrada should return to the IJ in the first instance.

## *CONCLUSION*

For the foregoing reasons, the petition for review is **GRANTED** in part and **DISMISSED** in part, and the case is **REMANDED** to the BIA for proceedings consistent with this opinion.