Zhang v. Barr

BIA
A200 922 480

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand nineteen.

PRESENT:
>
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

FULI ZHANG,
>
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>
> *Respondent.*

17-3654
NAC

_____

FOR PETITIONER: Stuart Altman, New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Sara J. Bayram, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Fuli Zhang petitions for review of the BIA's denial of his motion to reopen his asylum proceedings *sua sponte*. We generally lack jurisdiction to review such decisions. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we have jurisdiction to remand in certain limited circumstances, such as where the BIA "declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), Zhang does not here invoke that or any other exception to the rule adopted in *Ali*. Instead, Zhang urges us to reconsider *Ali* in light of the Supreme Court's decision in *Kucana v. Holder*, 558 U.S. 233 (2010). In *Kucana*, however, the Supreme Court "express[ed] no opinion on whether federal courts may review the [BIA's] decision not to reopen removal proceedings *sua sponte*." *Kucana*, 558 U.S. at 251 n.18. In addition, we have previously held that *Kucana* does not preclude a conclusion, like the one we reached in *Ali*, that

2

agency decisions made discretionary by regulation (rather than by statute) may nevertheless be unreviewable because they are "committed to agency discretion by law" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2). *See Vela-Estrada v. Lynch*, 817 F.3d 69, 72 (2d Cir. 2016) (per curiam). We are therefore unable to conclude that *Kucana* casts sufficient doubt on our holding in *Ali* to warrant reconsideration of that decision by a panel of this Court. *See, e.g.*, *In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010). Accordingly, we lack jurisdiction over Zhang's petition for review.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk