16-4257(L)
*Diaby v. Wilkinson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> > *Circuit Judge,*\*
> JOHN G. KOELTL,
> > *District Judge.*†

_____

MOYABI DIABY A.K.A. DIABY MOYABI,

> *Petitioner,*

> v.

ROBERT M. WILKINSON,‡

No. 16-4257
No. 20-1194

_____

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. The appeal is being decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

† Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

‡ Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Attorney General William P. Barr as Respondent.

*Respondent.*

_____

FOR PETITIONER:                    GARY J. YERMAN, ESQ., NEW YORK, NY.

FOR RESPONDENT:                    LINDA CHENG, Trial Attorney, Office of
                                   Immigration Litigation (ANTHONY P.
                                   NICASTRO, Assistant Director, *on the brief*),
                                   *for* Jeffrey Bossert Clark, Acting Assistant
                                   Attorney General for the Civil Division.

**UPON DUE CONSIDERATION** of these petitions for review of two orders of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petitions are **DENIED**.

The petitioner, Mr. Moyabi Diaby ("Diaby"), a native and citizen of Côte d'Ivoire, seeks review of (1) the BIA order entered on December 2, 2016, dismissing his appeal of the decision of an Immigration Judge ("IJ"), dated September 23, 2015, that denied his application for cancellation of removal under Immigration and Nationality Act ("INA") § 240A(b)(1) (No. 16-4257, the "2016 Petition"); and (2) the BIA order entered on March 10, 2020, denying his motion to reconsider and reopen (No. 20-1194, the "2020 Petition"). In addition, the Court has construed a letter from Diaby as a petition to review the BIA order entered on December 19, 2018, denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history, and recount them only to the extent relevant to the Court's disposition.

*Procedural Background*

On September 23, 2015, the IJ ordered Diaby removed to Côte d'Ivoire on the charge of presence without being admitted or paroled pursuant to INA § 212(a)(6)(A)(i). 8 U.S.C. § 1182(a)(6)(A)(i). The IJ denied Diaby's application for cancellation of removal pursuant to INA § 212A(b)(1) after determining that Diaby's conviction in the New York State Supreme Court under New York Penal Law ("N.Y.P.L.") § 260.10(1) for endangering the welfare of a child was categorically a "crime of child abuse, child neglect or child

2

abandonment" under INA § 237(a)(2)(E)(i), thus making Diaby statutorily ineligible for cancellation of removal under § 240A(a)(B).

On December 2, 2016, the BIA dismissed Diaby's appeal of the IJ's decision. In the 2016 Petition, Diaby asked this Court to review the December 2, 2016 BIA order on the ground that the Board erred when it determined that N.Y.P.L. § 260.10(1) is categorically a "crime of child abuse, child neglect, or child abandonment" as defined under INA § 237(a)(2)(E)(i).

While the 2016 Petition was pending, on January 16, 2018, the Supreme Court of the State of New York, New York County, adjudicated Diaby to be a youthful offender. On April 13, 2018, Diaby moved before the BIA to reopen his removal proceedings based on the grounds that his conviction had been downgraded to that of a youthful offender. This Court granted Diaby's motion to hold his petition in abeyance pending a decision from the BIA. On December 19, 2018, the BIA denied the motion to reopen. The BIA determined that the motion was untimely and did not meet any of the statutory exceptions to the filing requirements for a motion to reopen. Furthermore, the BIA declined to exercise its *sua sponte* authority to reopen the proceedings. The BIA determined that Diaby continues to be ineligible for cancellation of removal because the evidence in the record indicated that he was 20 years old when he committed the offense and thus not eligible for youthful offender status under New York law at that time. Moreover, because Diaby did not submit a copy of the motion filed with the state court, the BIA was not able to ascertain the reasons for the downgrade of his offense, nor had he provided an explanation for the delay between the original 2005 conviction and the 2018 youthful offender adjudication.

After the BIA denied Diaby's motion to reopen, this Court granted his request to reinstate the 2016 Petition and construed it also as a timely petition for review of BIA's December 18, 2018 decision. The Court also ordered supplemental briefing on the impact of Diaby's youthful offender adjudication on his petition and the effect of the Court's decision in *Matthews v. Barr*, 927 F.3d 606, 623 (2d Cir. 2019), *cert. denied*, 141 S. Ct. 158 (2020), which held that N.Y.P.L. § 260.10(1)—the same offense for which Diaby was

3

convicted—was a categorical match with the BIA's definition of a "crime of child abuse," under the INA.

After the parties submitted supplemental briefing, this Court granted Diaby's request to hold the 2016 Petition in abeyance again because Diaby had moved the BIA to reconsider its December 18, 2018 decision. With his BIA motion, Diaby included additional documentation, such as his motion to the New York Supreme Court to vacate his criminal conviction and his original birth certificate showing that he was 17 years old at the time of his arrest. On March 10, 2020, the BIA adjudicated the motion as both a timely motion to reconsider its December 18, 2018 order, and to the extent it presented new evidence, as an untimely, number-barred motion to reopen the case.

Having found no error of fact or law in its prior order based on the record as it existed at the time, the BIA denied the motion to reconsider. With respect to the motion to reopen, the BIA determined that Diaby failed to show that any exception to the filing restrictions on motions to reopen was applicable to his case, or that an exceptional situation was present that would warrant a *sua sponte* reopening. In particular, the BIA observed that Diaby failed to show that the additional evidence submitted with the most recent motion could not have been submitted with the last motion. Furthermore, the BIA determined that Diaby failed to offer any evidence of *prima facie* eligibility for cancellation of removal such as evidence to support his statement that his citizen children rely on him financially and emotionally. Finally, the BIA found that Diaby's status, even as a youthful offender sentenced to 5 years' probation for the offense of endangering the welfare of a child, was a serious adverse factor that would militate against a favorable exercise of discretion.

After the BIA denied his motion to reconsider and to reopen, Diaby requested that the Court reinstate his 2016 Petition and filed the 2020 Petition seeking review of the March 10, 2020 BIA order. The petitions were consolidated and, in the aggregate, we construe them as seeking review of the three BIA orders: the 2016 order denying the appeal of the IJ's decision; the 2018 order denying the motion to reopen; and the 2020 order denying the motions to reconsider and to reopen.

4

*2016 BIA Order*

The 2016 Petition sought the Court's review of the BIA's determination that Diaby's conviction pursuant to N.Y.P.L. § 260.10(1) was categorically a "crime of child abuse, child neglect, or child abandonment" under INA § 237(a)(2)(E)(i), thus making Diaby statutorily ineligible for cancellation of removal under § 240A(a)(B).

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (internal quotation marks omitted). We review de novo the BIA's underlying conclusions of law, *see Perez Suriel de Batista v. Gonzales*, 494 F.3d 67, 69 (2d Cir. 2007), "with the caveat that the BIA's interpretations of ambiguous provisions of the INA are owed substantial deference unless 'arbitrary, capricious, or manifestly contrary to the statute,'" *Mardones v. McElroy*, 197 F.3d 619, 624 (2d Cir. 1999) (quoting *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837, 844 (1984)).

The BIA determined that an offense under N.Y.P.L. § 260.10(1) is categorically a "crime of child abuse, child neglect, or child abandonment." After the BIA decision, this Court in *Matthews* came to the same conclusion. 927 F.3d at 623. Diaby has presented no reason why *Matthews* does not control his case.

Therefore, because *Matthews* fully resolves the 2016 Petition, Diaby's petition to review the 2016 BIA order is denied.

*2018 BIA Order*

When this Court reinstated the 2016 Petition after the 2018 BIA order, it also construed the request as a petition to review the 2018 BIA order denying Diaby's motion to reopen the case. In the supplemental briefing, the government argued that the Court does not have jurisdiction to review the 2018 BIA order because Diaby failed to bring a distinct petition to review the order. While a new petition is necessary to review each administrative order, *see Stone v. INS*, 514 U.S. 386, 405-06 (1995), the government does not explain why the Court's construal of Diaby's correspondence as a petition to review the 2018 order is

insufficient, particularly given the notice provided and the opportunity to submit additional briefing. Therefore, we find that we have jurisdiction to review the 2018 BIA order.

We review the BIA's denial of a motion to reopen proceedings for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). With some exceptions provided by the INA and accompanying regulations, a motion to reopen must be filed no later than 90 days after the final administrative decision is rendered and can be filed only once. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.2(c)(3) (listing exceptions). Nonetheless, when a motion to reopen would otherwise be time- or number-barred, the BIA has authority to reopen *sua sponte*. *See* 8 C.F.R. § 1003.2(a). However, the exercise of the *sua sponte* authority to reopen is "entirely discretionary and therefore beyond our review—in other words, we lack jurisdiction to review the BIA's decision not to reopen . . . immigration proceedings *sua sponte*." *Ali*, 448 F.3d at 518. One exception we have previously identified is that we may remand to the BIA if the BIA declined to use its *sua sponte* authority because it "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

In the 2018 order, the BIA did not abuse its discretion when it concluded that Diaby's motion to reopen was untimely, and that none of the statutory exceptions applied. The final administrative decision in Diaby's case was entered by the BIA on December 2, 2016, and he filed his petition to reopen more than 16 months later. Furthermore, he did not qualify for any of the statutory exceptions to the timeliness requirement. Accordingly, the only way the BIA could reopen proceedings was through the exercise of its *sua sponte* authority. The BIA declined to do so and this Court lacks jurisdiction to review the BIA's exercise of this entirely discretionary authority. *Ali*, 448 F.3d at 518. This is not a situation in which a remand would be warranted because the BIA "misperceived the legal background" and incorrectly concluded that a reopening would be futile. *Mahmood*, 570 F.3d at 469. First, the BIA did not misperceive the *legal* background. Rather, based on the record at the time, it determined that Diaby did not qualify for the youthful offender classification. Whatever error occurred was plainly the result of the petitioner's not providing all the pertinent information when he asked the BIA to exercise the extraordinary authority to reopen an

6

otherwise procedurally barred case. Second, a remand would not be productive here in any event, because in its 2020 decision, the BIA evaluated Diaby's motion to reopen with a more developed record regarding his birthdate, and once again, declined to reopen the case.

Accordingly, to the extent we have jurisdiction to review it, we find that the BIA did not abuse its discretion in the 2018 order denying Diaby's motion to reopen.

*2020 BIA Order*

The BIA adjudicated Diaby's motion for reconsideration as both a timely motion to reconsider its 2018 order, which it denied, and, because it presented new evidence, an untimely and number-barred motion to reopen, which it also denied.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Nolasco v. Holder*, 637 F.3d 159, 162 (2d Cir. 2011) (per curiam). "An abuse of discretion may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ri Kai Lin v. Bureau of Citizenship & Immigration Servs.*, 514 F.3d 251, 254 (2d Cir. 2008) (per curiam).

As an initial matter, it is not clear that the Court has jurisdiction to review the BIA's denial of the motion to reconsider. Diaby's motion to reconsider related to the BIA's 2018 denial of his motion to reopen under its *sua sponte* authority. As explained above, the exercise of that authority is entirely discretionary and unreviewable by this Court. A review of the motion to reconsider would necessarily require the Court to evaluate the underlying, unreviewable denial of the motion to reopen *sua sponte*. Because the Court cannot review the underlying decision denying the motion to reopen *sua sponte*, it follows that the Court cannot review the denial of the motion to reconsider that decision. *See Veizaj v. Mukasey*, 291 F. App'x 405, 406 (2d Cir. 2008) ("Because we cannot review such discretionary determinations, we cannot review the BIA's denial of Petitioners' motion to reconsider."), *cert. denied*, 555 U.S. 1154 (2009).

7

In any event, Diaby has failed to point to any "errors of fact or law in the prior Board decision" based on the record as it existed at the time. *See* 8 C.F.R. § 1003.2(b)(1); *In re O-S-G-*, 24 I. & N. Dec. 56, 57-58 (B.I.A. 2006) ("A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence."). Accordingly, even if the Court had jurisdiction over the BIA's denial of the motion to reconsider, it is plain that the BIA did not abuse its discretion when it determined that there was no error in its 2018 denial of the motion to reopen based on the record as it existed at the time.

Turning next to the BIA's denial of the renewed motion to reopen, the BIA did not abuse its discretion when it determined that the motion was untimely and number-barred, and that none of the statutory exceptions applied. *See* 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.2(c)(3). As a result, the BIA would, once again, need to reopen the case under its *sua sponte* authority, a decision that the Court does not have jurisdiction to review. *Ali*, 448 F.3d at 518. Moreover, we note that even with the benefit of a complete factual record with regard to Diaby's birthdate and his status as a youthful offender, the BIA concluded that there were two independent grounds for not reopening the case. First, Diaby failed to offer any evidence to support his *prima facie* eligibility for relief, let alone that he has a "realistic chance that []he will be able to obtain such relief" required for the reopening of proceedings. *See Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008). Second, the BIA observed that while his youthful offender status does not make Diaby ineligible for cancellation of removal, the BIA would nevertheless consider his status as a youthful offender who was sentenced to 5 years' probation for the offense of endangering the welfare of a child to be a serious adverse factor that would militate against a favorable exercise of discretion in his case. Because cancellation of removal—assuming the absence of statutory bars on eligibility—is purely discretionary, the BIA is entitled to make this assessment. *See Wallace v. Gonzales*, 463 F.3d 135, 139-40 (2d Cir. 2006). Given those factors, the BIA reasonably concluded that Diaby's case did not present an extraordinary case that warranted the exercise of its *sua sponte* authority.

Accordingly, the 2020 Petition seeking review of BIA's 2020 order is denied.

* * *

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

9